UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: STANLEY R. GILLILAND　　　　　　　　　　CASE NO. 07-11392-DWH

STANLEY R. GILLILAND　　　　　　　　　　　　　　　　　PLAINTIFF

VERSUS　　　　　　　　　　　　　　　　ADV. PROC. NO. 07-1089-DWH

CAPITAL ONE BANK,
TSYS DEBT MANAGEMENT　　　　　　　　　　　　　　DEFENDANTS

OPINION

On consideration before the court is a motion for summary judgment filed on behalf of the debtor/plaintiff, Stanley R. Gilliland ("Gilliland"); response to said motion having been filed by the defendants, Capital One Bank ("Capital One"), and TSYS Debt Management ("TYSY"), along with their cross-motion for summary judgment to which Gilliland has filed a response; and the court, having considered same, hereby finds as follows, to wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core adversary proceeding as defined in 28 U.S.C. § 157(b)(2)(A) and (O).

II.

Gilliland previously filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code on October 2, 2000, Case No. 00-14566. Capital One was a creditor of the debtor as of the petition date. An order discharging Gilliland was entered in this case on January 29, 2001.

On April 26, 2007, Gilliland filed the above captioned bankruptcy case pursuant to Chapter 13 of the Bankruptcy Code. He scheduled Capital One as a creditor in this second case, having a claim in the sum of $2,800.00. On May 4, 2007, TSYS, purporting to be an independent contractor authorized to file claims on behalf of Capital One, filed two proofs of claim. The first reflected an indebtedness owed in the amount of $3,007.73, to which Gilliland has raised no objection. The second reflected an indebtedness allegedly owed by Gilliland in the sum of $43,396.49.

Gilliland filed a complaint on June 7, 2007, seeking actual and punitive damages from Capital One and TSYS, asserting that the filing of the proof of claim in the amount of $43,396.49 constituted the following:

Count I:   A willful violation of the discharge injunction;

Count II:  Filing a false proof of claim;

Count III: A violation of Rule 3001, Federal Rules of Bankruptcy Procedure; and

Count IV:  A violation of the Fair Debt Collection Practices Act ("FDCPA" claim).

On July 10, 2007, TSYS withdrew the $43,396.49 proof of claim on the basis that it was subject to the discharge entered in Gilliland's first bankruptcy case. On July 11, 2007, it voluntarily withdrew the $3,007.73 proof of claim.

Earlier in this adversary proceeding, TSYS and Capital One filed a motion for a judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure. On January 31, 2008, the court granted judgment to TSYS and Capital One as to Count IV (the FDCPA claim) and denied their motion as to the remaining counts.

On October 28, 2008, Gilliland filed an "Amended Complaint – Class Action" reasserting Counts I, II and III as set forth hereinabove. Gilliland again asserts that Capitol One

and TSYS violated the bankruptcy discharge injunction by filing a proof of claim seeking to collect a previously discharged debt. Further, he contends that this tactic was part of a systemic scheme knowingly perpetrated by Capitol One and TSYS. Specifically, Gilliland alleges that prior to the filing of the claim in his case, Capitol One and TSYS were fully aware that numerous proofs of claim had been filed regarding debts previously discharged in many other bankruptcy cases. As evidence of their willful intent, Gilliland alleges that they would quickly withdraw the proofs of claim if an objection were filed.

Capitol One and TSYS contend that Capital One received a notice of discharge for "S. R. Gilliland" with an address that differed from that on file for Gilliland's account. Additionally, they assert that Capital One had hundreds of account holders with the name "S. Gilliland." Moreover, although the social security number was a match for Gilliland's, Capital One's policy was not to mark an account holder a bankrupt unless two of three parameters—name, address, and social security number—matched exactly. This was a procedure implemented to safeguard against erroneously reporting a customer account in a bankruptcy status. Capital One asserts that it was unable to match with confidence Gilliland's most recent petition with the notice of discharge for "S. R. Gilliland." Consequently, the offending proof of claim was filed because Capitol One's records did not contain any indication that Gilliland had previously obtained a discharge. Capitol One and TSYS also contend that Gilliland has suffered no damages as a result of the filing of the proofs of claim, particularly since they were withdrawn.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Miss. Bankr. L.R. 7056-1. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

The court is of the opinion that this adversary proceeding has numerous material factual issues remaining in dispute that must be developed through an evidentiary hearing. For example, were reasonable steps taken by Capital One to link Gilliland's most recent bankruptcy petition to the notice of discharge entered in his earlier case? Were reasonable procedures implemented and followed by Capitol One to prevent the filing of a proof of claim that was applicable to a debt that had been previously discharged in an earlier bankruptcy case? What damages, if any, has Gilliland suffered as a result of the erroneously filed proof of claim? Because of these unresolved issues, the court finds that Gilliland's motion for summary judgment and the defendants' cross-motion for summary judgment are not well taken. Both must be overruled.

An order, consistent with this opinion, shall be entered contemporaneously herewith. This the 7th day of October, 2011.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE